UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.:

JOSHUA MATZKIN,

    Plaintiff

vs.

VERIZON WIRELESS SERVICES, LLC.

    Defendant.

_____/

## NOTICE OF REMOVAL

    PLEASE TAKE NOTICE that Defendant Verizon Wireless Services, LLC, by and through its undersigned attorneys, hereby removes the above-captioned action pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and (c), and 1446 from the County Court of the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida.  Pursuant to 28 U.S.C. § 1446(a), set forth below are the following grounds for removal:

*REMOVAL IS PROCEDURALLY PROPER*

    1.     Concurrently with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, which filing includes a copy of this Notice of Removal.  A copy of Defendants' Notice of Filing Notice of Removal is attached hereto as Exhibit A.

2. This Notice of Removal is timely because it is filed within 30 days after Defendant was served with a copy of the initial Complaint. *See* 28 U.S.C. § 1446(b). Defendant Verizon Wireless was served with a copy of the Complaint in the action styled *Joshua Matzkin v. Verizon Wireless Services, LLC,* Case No. 14-CC-032476 Division K pending in the County Court in and for Hillsborough County, Florida (the "Action") on November 14, 2014.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of "all process, pleadings and orders served upon" Defendant in this action, as well as all "other papers or exhibits of every kind" on file in the state court are attached to this Notice of Removal. These documents include the Summons and Complaint served on Verizon Wireless Services, LLC and Verizon Wireless Services LLC's Notice of Appearance. *See* Composite Exhibit B (including Summons, Complaint, and Notice of Appearance filed).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the County Court of the 13th Judicial Circuit in and for Hillsborough County, Florida, which is located within the Middle District of Florida.

*REMOVAL IS PROPER BASED ON*
*FEDERAL QUESTION JURISDICTION*

5. This Court has original subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1331. Defendant is entitled to remove this case to this Court pursuant to 28 U.S.C. § 1441 because Plaintiff has pleaded claims arising under a federal statute that appear on the face of the Plaintiff's Complaint. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) (removal jurisdiction exists when a federal question

appears "on the face of the plaintiff's properly pleaded complaint.") Specifically, Count III of the Complaint alleges violation of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. §227 *et seq. See* Complaint, ¶¶ 30-34 (Count III).

6.     In *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), the Supreme Court held that U.S. District Courts have original federal question jurisdiction over private suits arising under the TCPA pursuant to 28 U.S.C § 1331. *Id.* at 753 and 145.     Therefore, this Court has original jurisdiction over this case based on federal question jurisdiction.

7.     Additionally, pursuant to 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiff's state law claims which are "so related to the claim in the civil action that grants the district court original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).     Each of the allegations supporting the federal law claim is expressly incorporated and made part of each of the state law claims. *See* Complaint at ¶¶ 22, 26, and 30.

8.     This Court has supplemental jurisdiction over the state law claims because the federal and state claims "derive from a common nucleus of operative fact," such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Brigliadora v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist LEXIS 30638 *4 (M.D. Fla., March 4, 2011) (quoting *United Mine Workers of Am. v. Gibs*, 383 U.S. 715, 86 S. Ct. 1130, 16 L.Ed. 2d 218 (1966)). Courts have found that a "loose factual connection may be sufficient to confer supplemental jurisdiction, so long as those facts are both common

3

and operative." *Id.* (quoting *Skanes v. Ameriquest Mortg. Co.*, 2007 U.S. Dist. LEXIS 70805 (N.D. Ill. Sept. 24,2007) (citing *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995)).

9.      In this case, there is far more than "a loose factual connection" between the facts in each of the claims.   Plaintiff incorporates the same common allegations of fact in the federal claim under the TCPA as he does in all of the state law claims.   In fact, each of the allegations supporting the federal law claim is expressly incorporated and made part of each of the state law claims. *See* Complaint at ¶¶ 22, 26, and 30.

10.      For all of the foregoing reasons, removal of this Action to this Court is proper pursuant to 28 U.S.C. § 1441(a) and (c).

11.      By virtue of this Notice of Removal, Defendants do not waive their right to assert any claims or other motions, including any and all motions permitted by Rule 12 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant hereby removes this Action from the Circuit Court of the State of Florida, Thirteenth Judicial Circuit, at Hillsborough County, to the United States District Court for the Middle District of Florida, and respectfully requests this Court to take jurisdiction of this action to the exclusion of any further proceedings in the Circuit Court.

Dated: December 11, 2014

Respectfully submitted by:

ROBERT ALLEN LAW
Robert J. Alwine (Fla. Bar. No. 404179)
E-mail: ralwine@robertallenlaw.com
Four Seasons Tower
1441 Brickell Avenue, Suite 1400
Miami, Florida 33131
Tel: (305) 372-3300
Fax: (786) 206-1480

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of December, 2014, a true and correct

copy of the foregoing has been furnished by First Class U.S. Mail and electronic mail to:

**Anthony S. Bradlow**
Boss, Arrighi & Hoag, P.L.
9800 Fourth Street North, Suite 402
St. Petersburg, Florida 33702
tbradlow@protectyourfuture.com
cpservice@protectyourfuture.com

Robert J. Alwine