## IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA

JOSHUA MATZKIN,                      CASE NO.:

    Plaintiff,

vs.

VERIZON WIRELESS SERVICES,        DEMAND FOR JURY TRIAL
LLC

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, JOSHUA MATZKIN (hereafter "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, VERIZON WIRELESS SERVICES, LLC (hereafter "Defendant"), and states as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## GENERAL ALLEGATIONS

1. Plaintiff is an individual residing in Hillsborough County, Florida.

2. This is an action for damages greater than $5,000.00 but do not exceed $15,000.00.

3. Defendant is a foreign limited liability company as registered with Florida Department of State, Division of Corporations.

4. Defendant does business throughout the state of Florida, including Hillsborough County, Florida.

Page 1 of 7

5. The debt is a consumer debt as defined by the FCCPA, Florida Statute §559.55(1).

6. Defendant is a "person" subject to regulations under the Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

## FACTUAL ALLEGATIONS

7. It is alleged by Defendant that Plaintiff owed a debt to Defendant relating to Verizon Account ending in -9429-00001.

8. Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on October 8, 2014 at 11:41 A.M. through a facsimile transmission to Defendant's facsimile no. (800) 445-8485. *See* Exhibit "A."

9. The following phone numbers, (813) 964-7076, (813) 964-7058, (813) 964-7092, (813) 964-7085, (813) 463-0901, and (813) 964-7047, are phone numbers of Defendant.

10. Plaintiff's cellular telephone number is (813) 857-5213.

11. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls from (813) 964-7076 to Plaintiff's cellular telephone on the following dates and times:

October 17, 2014 at 8:02 A.M.

12. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls from (813) 964-7058 to Plaintiff's cellular telephone on the following dates and times:

October 10, 2014 at 8:09 A.M.

13. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls from (813) 964-7092 to Plaintiff's cellular telephone on the following dates and times:

October 15, 2014 at 8:12 A.M.

14. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls from (813) 964-7085 to Plaintiff's cellular telephone on the following dates and times:

| | |
|---|---|
| October 13, 2014 at 12:37 P.M. | October 25, 2014 at 3:25 P.M. |
| October 22, 2014 at 1:01 P.M. | October 28, 2014 at 9:24 A.M. |
| October 22, 2014 at 4:06 P.M. | October 28, 2014 at 1:32 P.M. |
| October 25, 2014 at 11:47 A.M. | October 31, 2014 at 10:33 A.M. |

15. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls from (813) 463-0901 to Plaintiff's cellular telephone on the following dates and times:

| | |
|---|---|
| October 14, 2014 at 9:22 A.M. | October 29, 2014 at 12:52 P.M. |
| October 23, 2014 at 9:49 A.M. | October 29, 2014 at 3:15 P.M. |
| October 29, 2014 at 10:02 A.M. | |

16. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls from (813) 964-7047 to Plaintiff's cellular telephone on the following dates and times:

| | |
|---|---|
| October 21, 2014 at 9:18 A.M. | October 27, 2014 at 3:29 P.M. |
| October 24, 2014 at 9:17 A.M. | October 30, 2014 at 8:15 A.M. |
| October 27, 2014 at 12:09 P.M. | October 30, 2014 at 10:57 A.M. |

October 27, 2014 at 2:39 P.M.

17. Defendant knowingly or willfully called Plaintiff's cellular telephone from telephone numbers (813) 964-7076, (813) 964-7058, (813) 964-7092, (813) 964-7085, (813) 463-0901, and (813) 964-7047 after Defendant had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm's contact information.

18. Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate any communications.

19. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

20. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

21. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

### COUNT I: VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

22. Plaintiff incorporates all allegations in paragraphs 1-21 as if stated fully herein.

23. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

24. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with the Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

25. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, JOSHUA MATZKIN, demands judgment against Defendant, VERIZON WIRELESS SERVICES, LLC, for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e. any other relief the court deems just and proper.

### COUNT II: VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

26. Plaintiff incorporates all allegations in paragraphs 1-21 as if stated fully herein.

27. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

28. Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

29. Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, JOSHUA MATZKIN, demands judgment against Defendant, VERIZON WIRELESS SERVICES, LLC, for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e. any other relief the court deems just and proper.

### COUNT III: VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

30. Plaintiff incorporates all allegations in paragraphs 1-21 as if stated fully herein.

31. Jurisdiction is proper, pursuant to 47 U.S.C. § 227(b)(3).

32. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

33. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

34. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is a sophisticated telecommunications provider that is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, JOSHUA MATZKIN, demands judgment against Defendant, VERIZON WIRELESS SERVICES, LLC, for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after October 8, 2014;

b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c. any other relief the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Date: **November 10, 2014**    Respectfully Submitted,

/s/*Anthony S. Bradlow*
Christopher W. Boss, Fla. Bar No,: 013183
Anthony S. Bradlow, Fla. Bar No.: 104904
**Boss, Arrighi & Hoag, P.L.**
9800 Fourth Street North, Suite 402
St. Petersburg, Florida 33702
Email: tbradlow@protectyourfuture.com
Service Email: cpservice@protectyourfuture.com
Phone: (727) 471-0039
Fax:   (888) 503-2182
**Attorney for Plaintiff**